IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



UNITED STATES OF AMERICA,

v.  Criminal Action No. 2:18cr56

JEREMY MILES,

    **Defendant.**

## OPINION & ORDER

These matters are before the Court on Defendant's letter motion for new counsel, doc. 68; Defendant's attorney's motion to withdraw, doc. 70; and the Defendant's motion to withdraw his guilty plea, doc. 58. The Court considered these motions at the August 22, 2019, sentencing hearing, before considering any sentencing matters. Ruling from the bench, the Court **DENIED** the motions listed above. The Court hereby issues this Opinion and Order to further articulate its ruling.

## I. BACKGROUND

Defendant is charged in an eight-count indictment with: Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 846 ("Count One"); 2); Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C § 841 ("Counts Three, Four, and Five"); Possessing a Firearm in Furtherance of a Drug Trafficking Crime pursuant to 18 USC § 924(c)(1)(A) (Count Six"), and Possession of a Firearm by a Convicted Felon pursuant to 21 U.SC. § 922 ("Counts Two, Seven, and Eight"). Doc. 1 ("Indictment").

Originally, Defendant was represented by the Federal Public Defender. After a hearing on a motion to withdraw, the Court found that a conflict existed and permitted the withdrawal. Doc.

1

16. Then, the Court appointed Mary Morgan to represent Defendant on December 12, 2018. Following that appointment, Defendant filed a motion to continue, which the Court granted. Docs. 17, 20.

On January 18, 2019, Defendant filed a motion to suppress evidence and to produce a confidential witness. Doc. 24, 25. Shortly thereafter, Defendant filed a motion to withdraw Ms. Morgan as his counsel. Doc. 28. On February 6, 2019, the Court held a hearing on the motion to withdraw Ms. Morgan and granted the motion. Doc. 30, 31. Following that order, the Court appointed Defendant's current counsel, James Theuer.

On March 14, 2019, the Court heard arguments on Defendant's motions to suppress and produce a confidential witness. The Court denied those motions for reason stated at the hearing and its written opinion. Doc. 50.

On April 30, 2019, the Court convened for trial. The Court conducted voir dire to select a jury. Voir dire took most of the morning, so the Court recessed for lunch. Shortly before the Court re-convened, it was advised that the parties had come to a plea agreement. The Court then conducted its plea colloquy and, after finding that the plea was made voluntarily and knowingly and otherwise proper, the Court accepted the plea and dismissed the jury. Sentencing was set for August 22, 2019. Doc. 55.

On July 16, 2019, the Pre-Sentence Investigation Report ("PSR") was filed. Doc. 56. The PSR found that the sentencing guidelines provided a range of 210-240 months. Id. at 22. Shortly afterward, on July 30, 2019, Defendant filed a motion to withdraw his plea. Defendant also mailed this Court a letter, requesting new counsel. Doc. 68. Mr. Theuer filed a motion to withdraw on August 15, 2019, the day after the letter was docketed. Doc. 70.

## II. LEGAL STANDARD

### A. MOTION TO WITHDRAW GUILTY PLEA

A defendant has no absolute right to withdraw his guilty plea. United States v. Bowman, 348 F.3d 408, 413-14 (4th Cir. 2003). A defendant may not withdraw a guilty plea unless he demonstrates a "fair and just" reason why the withdrawal is allowed. Fed. R. Crim. P. 11(d)(2)(B). A fair and just reason is one that essentially changes the fairness of the Rule 11 hearing. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995) (quoting United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc)). Whether such a reason has been given is a matter within the discretion of the district court. Id.

To guide the district court's discretion, the Fourth Circuit has articulated six factors to evaluate when faced with a motion to withdraw a guilty plea:

(1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary;

(2) whether the defendant has credibly asserted his legal innocence;

(3) whether there has been a delay between the entering of the plea and the filing of the motion;

(4) whether the defendant has had close assistance of competent counsel;

(5) whether withdrawal will cause prejudice to the government; and

(6) and whether it will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991), cert. denied 502 U.S. 857 (1991). These factors should be applied against the "strong presumption" that a guilty plea is "final and binding" when a rule 11 proceeding is properly held. Bowman, 348 F.3d at 414 (quoting Lambey, 974 F.2d at 1394).

Furthermore, a defendant has no entitlement to an evidentiary hearing, unless he first shows a fair and just reason for withdrawal. Moore, 931 F.3d at 248, see also United States v. Ubakanma, 215 F.3d 421 (4th Cir. 2000) (affirming the district court where it denied a motion to withdraw a guilty plea without a hearing).

## B. MOTION TO WITHDRAW COUNSEL

A criminal defendant does not have an absolute right to substitution of counsel. United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994). Indeed, an indigent criminal defendant has no right to any specific lawyer. United States v. Gonzalez-Lopez, 548 U.S. 140, 151 (2006) ("[T]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them."), Miller v. Smith, 115 F.3d 1136, 1143-44 (4th Cir. 1997).

When moving for substitute counsel, a defendant must show good cause. Mullen, 32 F.3d at 895. The Fourth Circuit reviews the following three (3) points on whether a district court has properly considered a motion for substitute counsel:

(1) whether the motion is timely,

(2) whether the district court conducts an adequate inquiry,

(3) whether the conflict between attorney and client amounts to a total lack of communication.

United States v. Morsley, 64 F.3d 907, 918 (4th Cir. 1995). Whether to grant such a motion is within the court's discretion. Mullen, 32 F.3d at 895. The Fourth Circuit has recognized that motions to substitute counsel cannot be used to manipulate or delay proceedings, or otherwise hamper the prosecution. Id. at 897. Further, a district court has an interest in keeping its docket moving. Id.[1]

---

[1] This interest tends to be stronger when a defendant has made multiple requests for substituted, appointed counsel. See Mullen, 32 F.3d at 897.

4

## III. DISCUSSION

### A. MOTION TO WITHDRAW THE PLEA

Defendant does not present persuasive evidence or argument to support this motion. Indeed, he attempted to withdraw the motion at the sentencing hearing.[2] He argues that he "was pressured by the pace of events" surrounding plea negotiations. Doc. 59 at 2. Notably, he testified at the August 22, 2019, hearing that he "changed his mind" after the April 30 hearing approving his guilty plea. He argues that he did not fully understand the plea until the PSR was released. Id. at 2-3. Defendant conclusorily asserts that he will address his innocence at a hearing. Id. at 3. Notably, the Defendant does not assert any defect in the guilty plea colloquy.

The Government argues that Defendant has not asserted that his plea was offered unknowingly or involuntarily. Doc. 65 at 9-10. The Government primarily argues that Defendant changed his mind when he saw this significant guideline range in the PSR. It argues that the fact that the plea occurred on the first day of trial should not change the calculous, because a plea agreement had been offered by the Government weeks before. Id. at 10. The Government also questions the veracity of Defendant's assertion of innocence. Id. at 11. As the Government argues, Defendant's statement that he will address his innocence at a hearing is not a persuasive assertion of innocence. Id. Critically, the Government points out that there has been a three (3) month lapse between the plea and his motion to withdraw it. Id. at 12. The Government also highlights the competence of Defendant's counsel and the prejudice and delay that would ensue if withdrawal is permitted. Id. at 12-13.

---

[2] After the Court denied Defendant's motion to withdraw counsel, he indicated that he wanted to withdraw his motion to withdraw his guilty plea. He offered no reason for this motion, other than the fact that the Court would not permit new counsel. Finding that reason insufficient, the Court **DENIED** his request to withdraw the motion, and the Court heard the motion.

5

None of the Moore factors counsel in favor of granting this motion. Defendant has not offered any explanation as to why his plea would have been unknowingly or involuntarily, except that he felt pressured on the first day of trial. However, this does not explain why his plea was unknowingly or involuntarily. Defendant made no indication that he did not know what he was agreeing to or that he did so involuntarily. As the Ubakanma court noted, conclusory claims are insufficient to support a motion such as this. Ubakanma, 215 F.3d at 425.

Upon being advised of the plea, and after permitting time to review the plea, the Court conducted a thorough plea colloquy wherein the Court explained the plea and its implications to Defendant. Defendant indicated that the instant plea offer was the most favorable that he had received and all parties agreed. Hr'g Tr. 5:24-25, 6:1-11. At sentencing, the Government represented – and the defense did not contest – that a written plea agreement was offered to Defendant weeks before the trial. The only change to the agreement were the reduction of the time to be served from 120 months to 96 months and the Governments' motion to withdraw the sentencing enhancement. The Government stated these changes were the result of Mr. Theuer's advocacy. Before accepting the plea, the Court carefully reviewed Defendant's rights with him. Id. at 7:19-25, 8:1-19. The Court also asked Defendant if he reviewed the plea with his attorney, if he understood the plea, and whether his plea was coerced; all of Defendant's answers indicated that he understood the plea and that his decision to plead was voluntary. E.g., id. at 11:13-25, 12:1-13, 13:18-20. Accordingly, the record indicates that the plea was entered knowingly and voluntarily, and Defendant has not offered a credible reason to the contrary.

Furthermore, the Court detailed the sentencing procedures with Defendant. Id. 15:1-25, 16:1-25, 17:1-23. The Court advised that Defendant may not withdraw his plea if the sentence

turned out to be greater than he had hoped, and asked Defendant if he understood that. Id. at 14:7-10. Defendant indicated that he did – "Yes, sir" was his answer. Id. at 14:11.

Second, Defendant has not credibly asserted innocence in this paper – he only states that he will address that matter at the hearing. The Court addressed this motion at the sentencing hearing, before the Court addressed any sentence. The Court offered Defendant the opportunity to support his motion, and he did not assert legal innocence. Thus, this weighs in favor against the motion.

Third, there is significant delay between the plea and his motion – approximately three months. The Moore panel of the Fourth Circuit described six weeks (1.5 months) as a "long delay[]." Moore, 931 F.3d at 248. In this matter, the delay is twice that – approximately three months. Thus, this factor also weighs in favor of denying the motion.

Fourth, Defendant has been well-represented by counsel. The Court appointed Mr. Theuer, and there has been no indication that Mr. Theuer has been neglectful or otherwise deficient. He adequately presented an argument for suppression of evidence and represented Defendant at voir dire. Indeed, the record reveals that as a result of Mr. Theuer's advocacy, the Government agreed to a sentence that was less than half the guideline range and the Government withdrew a sentencing enhancement. Thus, this factor does not call for granting the motion.

Fifth, there would obviously be prejudice to the Government. The Government undertook the lengthy process of preparing for trial and selecting the jury. If this plea were withdrawn, the Government would have to relocate and subpoena its witnesses, which it states "are not always easy to find." Doc. 65 at 14. Some of the witnesses had significant anxiety about testifying against Defendant, and the PSR and Probation Officer's testimony at the sentencing hearing revealed

7

threats by Defendant to at least two (2) potential Government witnesses. Thus, the Government would be prejudiced if the Court granted this motion.

Finally, to grant the motion would cause delay to the public's right to a speedy trial as well as delay the Court's calendar. Without a convincing showing as to why this delay should occur, this factor weighs against granting the motion.

Accordingly, the Court **DENIES** the motion to withdraw the guilty plea.

### B. MOTION TO WITHDRAW COUNSEL

This matter comes in two forms: first, Defendant's August 14 letter, doc. 68; and second, James Theuer's motion to withdraw, doc. 70. Because they address the same issue, the Court addresses them together.

Defendant identifies a list of alleged inadequacies. He alleges that Mr. Theuer: (1) never subpoenaed relevant agents, (2) never subpoenaed dash-cam footage as to the warrantless stop, (3) never subpoenaed the audio/video from the July 19 controlled buy, (4) never subpoenaed the forensic scientists who performed the testing, (5) never had a Franks hearing, (6) failed to prepare for the suppression hearing, (7) allowed his speedy trial rights to be diminished, and (8) allowed Defendant to be "forced" into the plea. Doc. 68. Defendant does not request to proceed pro se, rather he asks for another attorney to represent him. See id.

Mr. Theuer argues that the letter reflects an "irremedial breakdown" in the attorney-client relationship such that he cannot continue to ethically represent Defendant. Doc. 71 at 2.

The Government opposes the motion, highlighting the good work Mr. Theuer has done on this case. The Government points out that Mr. Theuer represented Defendant well at the suppression hearing and that he secure a very favorable plea deal for Defendant. Doc. 72 at 3. The Government also argues that the matter is untimely, as the letter came approximately one week

8

prior to sentencing. Id. at 2. Again, the Government asserts that this motion is brought in response to the PSR. Id. at 3.

*i. Timelines*

When evaluating the timeliness of a motion, the Fourth Circuit has considered when the motion was made with respect to other proceedings, the proximity in time to trial, the number of times that trial has been continued, and the relative age of the case. United States v. Hackley, 662 F.3d 671, 685 (4th Cir. 2011). The Fourth Circuit has found that a motion for substitute counsel is properly denied when, among other things, it is made days before trial. United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988), abrogated on other grounds as recognized by United States v. Dunctan, 800 F.3d 642 (4th Cir. 2015). When evaluating whether a motion is timely, "the court is entitled to take into account the . . . public interest in proceeding on schedule;" thus, the district court may consider its own interest in moving its docket. Mullen, 32 F.3d at 895.

Here, this motion was filed approximately three months after the plea and approximately one week before sentencing. Mr. Theuer is the second private attorney attorney appointed to represent Defendant. Trial had been re-set twice. Doc. 20, 31. By the time the sentencing hearing was held, this case been pending for nearly seventeen (17) months. Thus, this motion is untimely.

*ii. Inquiry*

"An inquiry into the reasons for a defendant's dissatisfaction with his or her lawyer is necessary for the trial court to determine whether good cause for substitution of counsel exists." Mullen, 32 F.3d at 896. The Court conducted the inquiry. Defendant did not offer any further information beyond his letter. The record reveals the following:

(1) *The Court* denied the request for a Franks hearing as moot as to one warrant, and denied the Franks hearing for insufficient showing as to the other warrants, doc. 50;

9

(2) There is no indication that Mr. Theuer did not prepare for the suppression hearing;

(3) There is no evidence that Mr. Theuer failed to preserve Defendant's speedy trial rights, as the Court convened for trial two months after Mr. Theuer was appointed; and

(4) There is no indication that Mr. Theuer allowed Defendant to be "forced" into the plea.

Nothing in the record has indicated that Mr. Theuer has been deficient or otherwise defective. Without more, there is no reason to excuse Mr. Theuer at this late hour. Accordingly, the inquiry the Court conducted did not reveal any reason to excuse Mr. Theuer.

### iii. Breakdown in Communication

There are two (2) steps to this part of the inquiry. First, the court should look into whether there is, in fact, a "total lack of communication." See Mullen, 32 F.3d at 896-97. Second, if there is a total lack of communication, the court should evaluate whether the lack of communication prevented an adequate defense. See id.

Here, Defendant has not identified any specific communication breakdown by counsel or a breakdown in communication so great as to frustrate an adequate defense. Indeed, the record reveals that an effective defense was pursued and resulted in a plea agreement eliminating an enhancement and recommending an incarceration level less than one-half of the lowest guideline range. Without more of a showing of a lack of communication this factor cannot weigh in favor of granting the motion.

For these reasons, and the reasons stated at the sentencing hearing, the Court **DENIES** Defendant's motion to withdraw his guilty plea and also **DENIES** the motions to withdraw filed by Defendant and counsel .

The Clerk is **REQUESTED** to distribute a copy of this Opinion and Order to counsel of record.

It is **SO ORDERED**.

Norfolk, Virginia
August 28, 2019

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE